UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PRADYUMNA KUMAR SAMAL,

    Petitioner,

v.

ISRAEL JACQUEZ, *et al.*,

    Respondents.

CASE NO. 2:23-cv-00092-JNW-GJL

REPORT AND RECOMMENDATION

NOTED FOR: September 29, 2023

    The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Currently pending before the Court is Petitioner Pradyumna Kumar Samal's amended federal habeas Petition pursuant to 28 U.S.C. § 2241 ("Amended Petition"), seeking an Order directing the Bureau of Prisons ("BOP") to transfer him to home confinement. *See* Dkt. 13. Because Petitioner has been provided the relief sought in the Amended Petition, the Court recommends the Amended Petition be **DISMISSED without prejudice** as moot and this case be closed.

REPORT AND RECOMMENDATION - 1

# I. BACKGROUND

On January 17, 2023, Petitioner, proceeding *pro se*, filed a Petition pursuant to 28 U.S.C. § 2241 requesting the Court direct the BOP to apply 365 days of earned time credits under the First Step Act of 2018 ("FSA") to his sentence. Dkt. 4. On March 29, 2023, the Court directed service of the Petition. Dkt. 6.

Respondents filed a Response to the Petition on April 18, 2023, indicating that, since the filing of the Petition, the 365 days of FSA credits have been applied to Petitioner's sentence. *See* Dkts. 11, 11-1. In response, Petitioner filed a Motion to Amend his Petition on April 24, 2023, contending he should be immediately released to home confinement because, with the additional earned time credits, his release date would have been May 1, 2023. Dkt. 13.

On July 21, 2023, the Court issued an Order granting the Motion to Amend the Petition and directing Respondents to respond to the Amended Petition (Dkt. 13). *See* Dkt. 18. Respondents filed a Response on July 24, 2023, suggesting the Court dismiss the Amended Petition as moot because Petitioner was released from the Federal Detention Center SeaTac ("FDC SeaTac") to the custody of the Seattle Residential Reentry Management field office on or about July 17, 2023. *See* Dkt. 19. As explained by Respondents, the residential reentry management field office supervises defendants who are transferred to community-based programs including defendants on home confinement as part of a custodial sentence. *Id*. at 1–2. As such, Petitioner has now been transferred to home confinement. *Id*. at 2.

Petitioner has not replied to or objected to the suggestion of dismissal. *See* Dkt. This matter, which is noted for September 8, 2023, is thus ready for the Court's review.

## II.  DISCUSSION

This Court has jurisdiction over Petitioner's Amended Petition because, at the time it was filed, Petitioner was in the custody of the BOP. The fact that Petitioner has since been released from BOP custody does not automatically render the Amended Petition moot if a justiciable case or controversy remains. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990) (Article III "case or controversy" requirement applies throughout all stages of judicial proceedings). The "case or controversy" requirement is met with a petitioner who "'[has] suffered, or [is] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted).

Here, Petitioner's release from BOP custody to home confinement leaves no collateral consequence the Court can redress because Petitioner's release to home confinement is the relief Petitioner has sought. As a result, there is no justiciable case or controversy before the Court. Moreover, Petitioner has not replied to the suggestion this matter be dismissed. *See* Dkt.

## III.  CONCLUSION

For the reasons set forth herein, the Court recommends the Amended Petition be **DISMISSED without prejudice** as moot and that this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 29, 2023, as noted in the caption.

Dated this 13th day of September, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4